FORM FOR USE IN APPLICATIONS
FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

**00-6149**

NAME: Sandra Durham

PRISON NUMBER: 472752

CIV-MORENO

MAGISTRATE JUDGE SORRENTINO

NAME OF PLACE OF CONFINEMENT: Broward Correctional Institution

ADDRESS OF PLACE OF CONFINEMENT: Post Office Box 829503

South Florida, Florida 33082

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA,

Fort Lauderdale DIVISION

CASE NO. _____
(TO BE SUPPLIED BY CLERK OF U.S. DISTRICT COURT)

Sandra Durham _____, PETITIONER
(FULL NAME)   (INCLUDE NAME UNDER WHICH YOU WERE CONVICTED)

VS.

Michael Moore, Secretary of Department of Corrections, RESPONDENT
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER)

AND

THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, _____

Bob Butterworth _____, ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

(Rev. 1/87)

1

## PETITION

1. Name and location of court which entered the judgment of conviction under attack and state court case number(s): Eleventh Judicial Circuit Court, Richard Gerstein Justice Building, Miami, Florida  F93-4829

2. Date of judgment of conviction: May 12, 1995

3. Length of sentence: Life imprisonment (Count 1) and 40 years (Count 2) to run consecutively

4. Sentencing judge: Honorable Thomas A. Carney

5. Nature of offense or offenses for which you were convicted: First degree murder in violation of Florida Statute 775.082 (1) and Armed Robbery in violation of Florida Statute 812.13

6. What was your plea? (Check one)

   (a) Not guilty      ( x )
   (b) Guilty          (   )
   (c) Nolo contendere (   )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

7. Type of trial: (Check one)

   (a) Jury ( x )       (b) Judge only (   )

8. Did you testify at the trial?  Yes (   )   No (   )

(Rev. 1/97)

2

Case 0:00-cv-06149-FAM   Document 1   Entered on FLSD Docket 01/31/2000   Page 3 of 13

9. Did you appeal from the judgment of the conviction? Yes (X) No ( )

10. If you did appeal, answer the following:

    (a) Name of court __District Court of Appeal of Florida, Third District__

    (b) Result __Affirmed. Decision unanimous, no written opinion__

    (c) Date of result __May 15, 1996__

    If you filed a second appeal or filed a petition for certiorari in the Florida Supreme Court or the United States Supreme Court, give details: __Supreme Court of the United States Case No. 96-7216 filed a petition for Writ of Certiorari on September 26, 1996, placed on docket December 26, 1996, brief in opposition filed on January 25, 1997. Denied  March 9, 1997__

11. Did you file any postconviction motions under either Florida Rule of Criminal Procedure 3.800 or 3.850 with the state trial court or any other postconviction motions or petitions for writ of habeas corpus with the state trial court or state appellate court to this judgment and conviction? Yes (X) No ( )

12. If you did file any matters within the realm of question 11, answer the following as to each motion or petition. Attach separate pages as needed for each motion or petition filed.

    (a) The type of motion/petition filed __Motion for a New Trial__

    (b) Date motion/petition filed __May 12, 1995__

    (c) Name of court __Eleventh Judicial Court__

    (d) Result __Denied__

    (e) Date of result __May 12, 1995__

13. If your motion or petition described in paragraph 12 was denied, did you file an appeal of that denial with the appropriate state appellate court? Yes (x) No ( )

    As to each motion or petition (attach separate pages as needed) indicate:

    (a) Name of court where appeal filed __District Court of Appeals__

    (b) Date appeal filed __February 28, 1996__

    (c) Result __Affirmed__

    (d) Date of result __May 15, 1996__

A. Ground one: <u>Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.</u>

Supporting FACTS (tell your story *briefly* without citing cases or law):

The grand jury returned an indictment charging defendant with first degree murder, robbery and burglary. A jury trial was conducted before the Honorable Judge Thomas A. Carney. The issue this Court must resolve in this appeal is whether the prosecutor's comment to the jury that there evidence that was not presented to the jury was a fundamental error. While the record contains evidence suggesting that Sandra Durham committed the homicide in this case, it also contains objective physical evidence suggesting that someone other than Sandra Durham was responsible.

SEE ATTACHMENT: Supporting Facts (continued)

Exhaustion of ground one in the state courts:

(1) Did you raise ground one in the appropriate Florida District Court of Appeal on a direct appeal of your conviction?
Yes (x)   No ( )

(2) After your conviction did you raise ground one in the state circuit court that sentenced you by filing a motion under Florida Rule of Criminal Procedure 3.850?
Yes ( -- )   No (x)

    (a) If your answer is "yes", then state:

        i. Date motion filed _____

        ii. Whether you received an evidentiary hearing _____

        iii. Result_____

        iv. Date of result_____

    (b) If your Rule 3.850 Motion was denied, did you file an appeal of that denial with the appropriate Florida District Court of Appeal?
Yes ( )   No ( )

## STATEMENT OF THE CASE AND FACTS

The grand jury returned an indictment charging defendant with first degree murder, robbery and burglary. A jury trial was conducted before the Honorable Thomas A. Carney. The issue this Court must resolve in this appeal is whether the prosecutor's comment to the jury that there was evidence that was not presented to the jury was fundamental error.

While the record contains evidence suggesting that Sandra Durham committed the homicide in this case, it also contains objective physical evidence suggesting that someone other than Sandra Durham was responsible. The state established that Sandra Durham, the defendant, was Ann Abernathy's (the victim) full time nurse on the day of the homicide. Ms. Abernathy was paralyzed on the left side of her body and she needed twenty-four care. (T.397).

On February 11, 1993, Daniel Demirgian, an employee of Southern Bell, went to Ms. Abernathy's home to repair the telephone line (T.270). Mr. Demirgian knocked on the door, and defendant allowed him to enter the house (T.272). When he entered the house he saw the victim, defendant, and an unidentified white male. (T.273-4.) The white male took the repair man upstairs and he discovered that a telephone in the defendant's room was off the hook. (T. 274). Mr. Demirgian determined that this was the problem with the telephone. He put the telephone

[ 1 ]

back on the hook and he left the house. (T.275). After Mr. Demirgian left the house, he learned that the telephone was still out of order. He decided that he would go back to the house the next day. (T.276).

Later that day, Nora Batiz, Mr. Abernathy's former nurse, went to the house because she was going to take care of Ms. Abnernathy that weekend. (T.397). When Ms. Batiz arrived at the house, she saw Ms. Abernathy, defendant and Cynthia, who was Ms. Abernathy's maid. Ms. Batiz stayed for a little while and then left the house.

The following day, on February 12, 1993, Mr. Demirgian went back to Ms. Abernathy's house, at 8:30 in the morning, to try to fix the telephone. He knocked on the door and nobody answered. (T.277). Since he could not get into the house, Mr. Demirgian left. Mr. Demirgian went back to the house at 10:30 a.m. and the defendent met him on the sidewalk (T.280). Defendant told Mr. Demirgian that Ms. Abernathy was not home, and that he would have to come back later. (T.281). Mr. Demirgian convinced the defendant to let him in the house so that he could fix the telephone. Defendant took Mr. Demirgian up the back staircase and he was allowed to go into two of the rooms. When Mr. Demirgian said he needed to get into Ms. Abernathy's room, defendant told him that he could not go into this room when Ms. Abernathy was not home (t.284). Mr. Demirgian told defendant that Ms. Abernathy should beep him when she gets home and he will come back to fix the phone. (T.285).

[ 2 ]

At approximately 3:00 in the afternoon Mr. Demirgian went back to the house and he saw another telephone repairman talking to defendant. Mr. Demirgian once again asked for permission to go into the house. He was agin told that he could not go into the house since Ms. Abernathy was not home. (T.287). Mr. Demirgian then left the house.

Ms. Batiz went to Ms. Abernathy's house, on February 12, 1993, at approximately 9:30 a.m. She rang the doorbell and when no one answered she yelled out for defendant to open the door. (T.399). Approximately, ten minutes later, defendant exited the garage door, and she told Ms. Batiz, that Ms. Abernathy was sleeping. Ms. Batiz left at that time. (T.400).

Later that afternoon, at approximately 4:00, Ms. Batiz went back to Ms. Abernathy's house. When she arrived she saw defendant leaving the house in a cab. (T.402). Ms. Batiz went to the front door, and she was unable to see Ms. Abernathy. (T.402). After knocking on the door and receiving no answer, Ms. Batiz decided to call the police. (T.403). Before she got to a neighbor's house, she saw a police car, and she flagged down the officer. (T.403). The officer and Ms. Batiz went into the house and they discovered Ms. Abernathy in her bedroom (T. 171). The officer determined that Ms. Abernathy was deceased. (T.171).

Gheorge Scurtu testified that he drove a cab, and that on February 12, 1993, he picked up defendant at Ms. Abernathy's

[ 3 ]

house. Pursuant to defendant's request, he loaded numerous bags from Ms. Abernathy's garage into the cab. (T.308). Mr. Scurtu took defendant to a motel in Miami, and he helped her unload all of the bags into the hotal room.

After defendant was arrested, crime scene investigators recovered evidence from both Ms. Abernathy's hose and the defendant's hotel room. Several of the items seized from the hotel room were identified as property that belonged to Ms. Abernathy. (t.405). During the state's closing argument the state made the following argument to the jury:

> "The defendant is responsible for the death of an innocent human being, and when you look at the items, ladies and gentlement, take a few minutes.
>
> Maybe you don't need to look at them. I don't know if you do or not. But this is Limoges China. It's made in France. This is not a dollar piece of china. People don't give away their mother's good Limoges China.
>
> Think about it for a minute, ladies and gentlement. It's really not hard. There are no ghosts. There are no tricks. There is nothing up anybody's sleeve. This is a straightforward case. This is a case that has been presented to you with evidence.
>
> We presented only a small portion of that evidence, in order for you to see the entire picture. (T.523-4).

After deliberations the jury found defendant guilty of first degree murder and robbery. The jury found defendant not guilty of burglary. (R. 20-1). The trial court sentenced defendant to life in imprisonment with twenty-five year minimum

[ 4 ]

mandatory as to the first degree murder conviction. The court sentenced defendant to forty years as to the robbery charge and ordered that sentence to run consecutive to the sentence on the murder charge. The court departed from the guidelines since the first degree murder conviction was not scored in the guidelines. (R.22-26).

[5]

      i. If you failed to appeal the denial of your Rule 3.850 motion, explain briefly why _____

      ii. Date appeal filed, result of appeal, and date of result _____

(3) Have you raised ground one in any other petition, application, or motion filed in the state courts of Florida?
Yes ( x )   No ( )

If your answer is yes, then give the details, including the date the petition, application, or motion was filed, grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion, whether there was an appeal of each decision, and the result of the appeal  Filed appeal in the District Court of Appeal, Third District, on February 28, 1996.

Result: Affirmed on May 15, 1996. Decision was unanimoous with no written opinion. Groud raised: It was fundamental error for the prosecutor to make statements in his closing argument which implied that there was other evidence not presented to the jury that would have established defendant's innocence.

B. Ground two: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

(Rev. 1/97)

6

      (4)    Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )

      (5)    Result_____

      (6)    Date of result_____

(c)    Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion:

      (1)    First petition, etc.    Yes ( x)   No ( )
      (2)    Second petition, etc.    Yes ( )   No ( )

(d)    Date appeal filed __September 26, 1996_____

Result of appeal and date of result __Denied on March 9, 1997_____

(e)    If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: __I have been incarcerated for six years and am indigent, thus not being able to afford counsel. As a lay person I lack the education and expertise to adequately present my claims to the Court. Broward Correctional Institution has a Major Law Library Collection and is staffed and trained to assist pro se litigant. The Inmate Law Clerk assigned to me in 1997 failed to apprise me of what I needed to do to keep my appeal options opened.__

17.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( )   No ( x)

18.    If you have previously filed a petition for writ of habeas corpus related to this conviction and sentence in federal court, you must first move in the appropriate court of appeal for an order authorizing the federal district court to consider the application. Have you filed such a motion? Yes ( )   No ( x )

If your answer to question 18 is yes, provide the following information:

(a)    Name of court where motion filed _____

(b)    Date motion filed _____

(c)    Result and date of result_____

If your answer to question 18 is no, indicate why you failed to do so _____

19. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  Allan Shuminer, 1200 Brickell Avenue, Suite 1680, Miami, Florida 33131-3257

   (b) At arraignment and plea  Rodney Thaxton, deceased

   (c) At trial  William Meadows and James Evan, 169 East Flagler Street, Suite 1700, Miami, Florida 33131-1208

   (d) At sentencing  William Meadows and James Evan, 169 East Flagler Street, Miami, Florida 33131-1208

   (e) On appeal  Robert Kalter, Assistant Public Defender Law Offices of Public Defender, 1320 N. W. 14th Street, Miami, Florida 33125

   (f) In any post-conviction proceeding  Pro se

   (g) On appeal from any adverse ruling in post-conviction proceeding _____

20. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (x)   No ( )

21. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( )   No (x)

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Date and length of sentence to be served in the future: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( )   No ( )

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

**I UNDERSTAND THAT ANY FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS APPLICATION WILL SUBJECT ME TO THE PENALTIES OF PERJURY (A FINE OF $250,000 OR IMPRISONMENT FOR FIVE (5) YEARS, OR BOTH).**

I declare that under penalty of perjury that the foregoing is true and correct.

Executed on ___January 27, 2000___
               Date

_____
**Signature of Attorney (If Any)**

*Sandra Durham*
**Signature**

Sandra Durham   472752
Dorm B
Broward Correctional Institution
Post Office Box 829503
South Florida, Florida   33082