# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

August 03, 2001

Clarence  Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami  FL  33128

RE: 00-12038-BB      Sandra Durham v. Broward Correctional Institution
DC DKT NO.:  00-06149 CV-FAM

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: one volume

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, <u>but not a copy of the court's opinion or Rule 36-1
decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's opinion
or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

                    Sincerely,

                    THOMAS K. KAHN, Clerk

                    Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals

## For the Eleventh Circuit

No. 00-12038

District Court Docket No.
00-06149-CV-FAM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 7, 2001

THOMAS K. KAHN
CLERK

SANDRA DURHAM,

              Petitioner-Appellant,

versus

BROWARD CORRECTIONAL
INSTITUTION,

              Respondent-Appellee.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

                    Entered:   May 7, 2001
            For the Court:   Thomas K. Kahn, Clerk
                    By:   McCombs, Elaine



ISSUED AS MANDATE
AUG 0 3 2001
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAY 07 2001

THOMAS K. KAHN
CLERK

_____

No. 00-12038
Non-Argument Calendar

_____

D.C. Docket No. 00-06149-CV-FAM

SANDRA DURHAM,

Petitioner-Appellant,

versus

BROWARD CORRECTIONAL
INSTITUTION,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(May 7, 2001)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Sandra Durham, a Florida prisoner proceeding *pro se*, appeals the dismissal of her 28 U.S.C. § 2254 federal habeas petition, arguing that the district court violated her constitutional rights by dismissing her petition before the ten-day period in which to file objections to the magistrate's report had expired.

Appellant filed her petition in 2000; therefore the Antiterrorism and Effective Death Penalty Act of 1996 (ADEPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) applies. This Court has not addressed whether the district court's adoption of a magistrate judge's report and recommendation prior to expiration of the ten-day period constitutes error. We need not reach this issue here however, because even if it was error, it was harmless in light of Appellant's failure to file her federal habeas petition within the applicable limitations period, provided in 28 U.S.C. § 2244(d)(1). Accordingly, we affirm the district court's order.

Appellant's judgement became final on March 9, 1997, the date on which the United States Supreme Court denied her petition for writ of certiorari. Pursuant to AEDPA, Appellant had one-year from this date to file her federal petition. Appellant signed her petition on January 20, 2000, almost two years after the AEDPA limitations period expired. The record contains no evidence showing that Appellant filed any motions that would effectively toll the statute of limitations. Appellant makes reference to one post-conviction motion in her initial brief, but

makes clear in her brief that the motion was denied prior to the filing of her Supreme Court writ. Moreover, Appellant neglected to respond to the magistrate judge's "order to petitioner to respond to limitations period."

In sum, Appellant failed to file her federal habeas petition within the applicable limitations period, provided in § 2244(d)(1), and she failed to file any motions that would effectively toll the limitations period. Therefore, we affirm even if the district court prematurely dismissed the case before the ten-day period in which to file objections to the magistrate's report had expired.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

3